21 F.3d 431
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Rigoberto GARCIA, Defendant-Appellant.
 No. 93-2846.
 United States Court of Appeals, Seventh Circuit.
 Argued March 31, 1994.
Decided April 5, 1994.
Rehearing Denied April 28, 1994.
 
 Before POSNER, Chief Judge, and CUMMINGS and EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 The only substantial issue on this appeal is whether the district court should have suppressed statements Rigoberto Garcia made after his arrest. Garcia contends that he asked for counsel but that the police resumed interrogation without satisfying the requirements of Edwards v. Arizona, 451 U.S. 477 (1981).
 
 
 2
 Garcia's appellate brief asserts that he made a request for counsel. The brief does not mention that the district judge held an evidentiary hearing and expressly found that no such request had been made. Having ignored the contrary finding of fact, the brief necessarily omits any argument that this finding is clearly erroneous. Because we endeavor to protect criminal defendants from inadequate representation by their lawyers, we have nonetheless considered the argument as if it were such a challenge. Even so understood, it falls short.
 
 
 3
 Garcia did not testify at the suppression hearing. When asked by Garcia's lawyer whether Garcia had "ask[ed] to talk with an attorney" the officer who arrested him replied: "Not to me, no, he did not." Later the following exchanges took place:
 
 
 4
 Q. Did he say that he thought it might be a good idea to have a lawyer or something to that effect?
 
 
 5
 A. Probably to that effect, yes ...
 
 
 6
 * * *
 
 
 7
 Q. [After you] asked him if he knew what, if it was cocaine and he said no, and after you had asked him if he knew what kind of trouble he was in and he said no, then is when he said?
 
 
 8
 A. Yes.
 
 
 9
 Q. What you just said?
 
 
 10
 A. He would rather just keep quiet.
 
 
 11
 Q. Keep quiet and talk to an attorney or better have a lawyer, something to that effect?
 
 
 12
 A. Something to that effect, I don't remember, but I took it as he no longer wanted to speak about the situation, so I just quit.
 
 
 13
 No one asked the officer what he meant by these ambiguous answers or what, particularly, Garcia had said. The only mention of a lawyer in this sequence comes from Garcia's counsel, and each mention is coupled with "something to that effect." The district judge evidently believed that in the officer's mind any request to discontinue the interrogation was "something to that effect." Indeed, the colloquy strongly implies that it was a statement that Garcia "would rather just keep quiet" that led the officer to stop asking questions. Under Edwards, the effect of a request to discontinue interrogation differs dramatically from the effect of a request for a lawyer. The district judge did not commit clear error in concluding that Garcia made the former request but not the latter.
 
 
 14
 The remaining arguments do not require extended discussion. Given Anderson v. Charles, 447 U.S. 404, 408 (1980), the prosecutor's comment on Garcia's off-again-on-again discussion with the police does not violate the principle of Doyle v. Ohio, 426 U.S. 610 (1976). The district court did not commit clear error, see United States v. Spears, 965 F.2d 262 (7th Cir.1992), in concluding that the police stopped the car on probable cause to believe that the driver had committed traffic violations. See United States v. Fiala, 929 F.2d 285 (7th Cir.1991). An ostrich instruction was appropriate on these facts, and the district judge did not abuse his discretion in deciding that Garcia was not entitled to a sentence reduction for being a "minimal" participant in the offense.
 
 AFFIRMED